UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X

WAYNE HARRIS,

                          Plaintiff,    **COMPLAINT**

            -against-

THE CITY OF NEW YORK; WARDEN JOHN/JANE
DOE # 1; SUPERVISOR C.O. JOHN/JANE DOES #
1-2; C.O. SANDERS; C.O. RIVERA, and C.O.    Jury Trial Demanded
JOHN/JANE DOES # 1-10 the individual
defendant(s) sued individually and in
their official capacities,
                          Defendants.

----------------------------------------- X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff

seeks relief for the violation of plaintiff's rights secured by

42 U.S.C. §§ 1983 and 1988 and the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution, and the laws of

the State of New York.  Plaintiff's claims arise from incidents

that arose in November 21, 2014 and January 27, 2015.  During

the incidents, the City of New York, and members of the New York

City Department of Correction ("DOC") subjected plaintiff to,

among other things, assault, battery, excessive force, failure

to protect, deliberate indifference, conspiracy, assault,

battery, negligence, delayed medical care, intentional and

negligent infliction of emotional distress, negligent hiring,

supervision, training, retention, and instruction of employees,

and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incident at issue.  More than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of each incident that are the basis of this claim.  Plaintiff has made himself available for the 50-H hearing and will continue to do so.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.    Plaintiff Wayne Harris is a resident of the State of New York, New York County.

6.    At all times referred to herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.    At all times alleged herein, defendant City of New York was the employer of the individual defendants, and was responsible for the policies, practices and customs of the DOC, and maintained and operated the George Motchan Detention Center ("GMDC") located on Rikers Island, located in Bronx, New York.

8.    At all times alleged herein, defendant Warden John/Jane Doe # 1 was a New York City Correction Officer employed at GMDC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

9.    At all times alleged herein, defendant Supervisor C.O. John/Jane Does # 1-2 were New York City Correction Officers employed at GMDC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

10.    At all times alleged herein, defendants C.O. Sanders; C.O. Rivera; and C.O. John/Jane Does # 1-10 were New York City Correction Officers employed at the GMDC, or other as

yet unknown DOC assignment, who violated plaintiff's rights as described herein.

11.   The individual defendant correction officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

*November 21, 2014 Incident*

12.   On or about November 21, 2014, at GMDC, located in Bronx, New York, correction officers and supervisors, including upon information and belief, Warden John/Jane Does # 1; Supervisor C.O. John/Jane Does # 1-2; C.O. Sanders; C.O. Rivera; and C.O. John/Jane Does # 1-10 at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiff.

13.   On or about November 21, 2014, at 11:30 a.m. plaintiff was a detainee assigned B&C 3491410856.

14.   Plaintiff was in the commissary area and Plaintiff was denied access to the commissary.

15.   Plaintiff asked why he had been denied access to the commissary.

16.   Without provocation, C.O. Sanders punched plaintiff in the face.

17.   C.O. Rivera, then grabbed plaintiff's hand and also punched plaintiff in the face.

18.   One of the officers then sprayed plaintiff with a chemical agent.

19.   One of the officers then placed excessively tight handcuffs on plaintiff.

20.   Plaintiff was then taken to intake.

21.   To cover up their misconduct, claimant was forced to wait for approximately 12 hours before he was provided any medical treatment.

22.   When claimant was finally taken for medical treatment, officers John/Jane Does # 1-10 ridiculed plaintiff stating that "he should know how to bob and weave" or words to that effect.

23.   The officers who did not touch plaintiff failed to intervene and stop this beating.

24.   The officers who assaulted plaintiff and John/Jane Does # 1-10, acting in concert and pursuant to a conspiracy, falsely and maliciously told prepared reports that stating that plaintiff had committed various infractions.

25.   Officers John/Jane Does # 1-10 also refused to allow plaintiff to file a grievance and refused to allow plaintiff to make a statement.

*January 27, 2015 Incident*

26.   On or about January 27, 2015, at approximately 1130 A.M. inside GMDC, housing area 5 Main, plaintiff was

assaulted and battered by a gang of approximately 5 inmates/detainees.

27.   Without provocation, one of the gang members, struck plaintiff in the back of the head.

28.   The gang member then placed plaintiff in a chokehold.

29.   Then other gang members continued to beat plaintiff.

30.   Officers John/Jane Does # 1-10, were aware or should have been aware that this attack was taking place, but failed to intervene to stop it.

31.   After the attack, plaintiff requested medical treatment from Officers John/Jane Does # 1-10, but his request was denied.

32.   Instead of providing plaintiff with medical care as it was their duty to do, Officers John/Jane Does # 1-10 took plaintiff to intake.

33.   Once in intake, plaintiff asked to be moved to a different housing area, but his request was denied.

34.   After 18 hours in intake, plaintiff, despite his request to be moved to another housing area, was returned to the same housing area where he had been beaten.

35.   Defendants failed to protect plaintiff although they had a duty as correction officers to protect plaintiff from being physically assaulted by other detainees.

36.   Prior to and on or about January 27, 2015, defendants knew that plaintiff was incarcerated under conditions posing a substantial risk of serious harm to him.

37.   Defendants acted with deliberate indifference to plaintiff's safety.

38.   Defendants Warden John/Jane Doe # 1, Supervisor John/Jane Doe # 1-2, C.O. Sanders; C.O Rivera; and C.O. John/Jane Does # 1-10 acted with deliberate indifference because they were aware that plaintiff was at a substantial risk of serious harm.

39.   Prior to the attack, defendants were aware that there existed a pervasive pattern of continued harassment, theft, extortion, assaults of detainees by gangs of detainees, and inmate upon inmate assaults.

40.   At times, prior to the attack, the above-mentioned harassment took the form of verbal threats towards other detainees, in the presence of, under the observation, with the approval, and with the assistance of the defendant correction officers.

41.   At times, prior to the attack, the above-mentioned gang assaults took the form of physically attacking

detainees, who failed to surrender their commissary, property, or phone access to the gang members, who asked for their stolen property to be returned, or who complained about the gang's abuses.

42. These attacks took place in the presence of, under the observation, with the approval, and with the assistance of the defendant officers.

43. At times, prior to the attack defendant C.O. John/Jane Does # 1-10 fraternized with gang members at GMDC.

44. At times, prior to the attack defendants C.O. John/Jane Does # 1-10 protected gang members at GMDC from departmental investigations, disciplinary measures, and apprehension for committing crimes.

45. Here, defendants C.O. John/Jane Does # 1-10, left the area where plaintiff was attacked unattended or witness the attack and did nothing.

46. They did this so that plaintiff could be attacked.

*General Allegations*

47. The aforesaid events are not an isolated incident. Defendants City of New York, Warden John/Jane Doe # 1, have been aware (from lawsuits, notices of claim and complaints) that many of the DOC's officers are insufficiently trained on the proper way to protect detainees, provide medical

care, interact with detainees, and how not to act with deliberate indifference. Defendants City of New York, Warden John/Jane Doe # 1, are further aware that such improper conduct and training has often resulted in a deprivation of civil rights. Despite such notice, defendants City of New York, Warden John/Jane Doe # 1, have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

48. Moreover, defendants City of New York, Warden John/Jane Doe # 1, were aware prior to the incidents that Supervisor C.O. John/Jane Doe # 1-2; C.O. Sanders; C.O. Rivera; and C.O. John/Jane Does # 1-10 lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendants City of New York, Warden John/Jane Doe # 1, have retained these officers, and failed to adequately train and supervise them.

49. At all times defendant City of New York by the DOC, and its agents, servants and/or employees, negligently, carelessly, and recklessly trained the individual defendants for the position of correction or correction officers.

50. At all times defendant City of New York by the DOC, and its agents, servants and/or employees, negligently, carelessly, and recklessly supervised, controlled, managed,

maintained, and inspected the activities of the individual defendants.

51.   At all times defendant City of New York by the DOC, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

52.   At all times defendant City of New York by the DOC, and its agents, servants and/or employees negligently, carelessly, and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

53.   The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the negligent, malicious, reckless, and/or intentional conduct of defendant City of New York, and the DOC, and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained the individual defendants.

54.   At no time did plaintiff unlawfully resist or assault any detainee or officer at any time during the above incidents.

55.   Plaintiff did not engage in prohibited, suspicious, unlawful, or criminal activity prior to or during the above incidents.

56.   The individual defendants did not observe plaintiff engage in prohibited, suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

57.   At no time prior, during, or after the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in prohibited, suspicious, unlawful or criminal conduct.

58.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

59.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

60.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FIRST CLAIM

### (DELIBERATE INDIFFERENCE TO SAFETY, FAILURE TO PROTECT, EXCESSIVE FORCE)

61.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

62.   The defendants exercised deliberate indifference and cruelty, extreme recklessness, and with the intent to create probable risk to plaintiff, failed to take remedial action, and allowing a dangerous environment to become so pervasive at its DOC detention centers by allowing and permitting inmate gangs to injure other detainees with the approval, support, agreement, and consent of correction officers and officials.

63.   The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM

### (NEGLIGENCE)

64.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65.   Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

### THIRD CLAIM

#### (DENIAL OF MEDICAL CARE)

66.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67.   Defendants are liable to plaintiff because they ignored plaintiff's need for medical treatment for a serious medical issue and/or injury, or delayed such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

### FOURTH CLAIM

#### (42 U.S.C. § 1983 CONSPIRACY)

68.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69.   Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff.

## FIFTH CLAIM

### (ASSAULT)

70.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

71.   Among other things as described above, failure to protect plaintiff placed him in fear of imminent harmful and offensive physical contacts.

72.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SIXTH CLAIM

### (BATTERY)

73.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

74.   Among other things as described above, defendants' failure to protect plaintiff were illegal physical contacts.

75.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

## SEVENTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, SUPERVISION, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

76.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

77.   Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by

plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the DOC, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its correction officers.

### EIGHTH CLAIM

**(INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

78.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

79.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

80.   The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

81.   The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for his own safety.

## NINTH CLAIM

### FAILURE TO INTERVENE

82.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

83.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

84.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## TENTH CLAIM

### (MONELL CLAIM)

85.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

86.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

87.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

88.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial

action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

89.  Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would commit the illegal acts described herein.

90.  In addition, the following are municipal policies, practices and customs: (a) using excessive force (b) acting with deliberate indifference to a risk of serious injury; (c) failing to protect individuals; and (d) covering up misconduct.

## ELEVENTH CLAIM

### (RESPONDEAT SUPERIOR)

91.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

92.  The individual defendants were acting within the scope of their employment as New York City Correction Officers when they committed the above described acts against the plaintiff, including failing to protect, assaulting, and battering the plaintiff.

93.    The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
          February 18, 2016

ADAMS & COMMISSIONG LLP
*Attorneys for Plaintiff*
65 Broadway Suite 715
New York, NY 10006-2503
(212) 430-6590
martin@amcmlaw.com

_____
MARTIN E. ADAMS, ESQ